On behalf of the Defendant it was moved'to dismiss, because there was no proof of the loss by accident, as alleged in the bill. It was contended, that as the obligation was negotiable by our law, that -it should be produced or accounted for, and that the Court would not compel the Defendant, to accept a counter security, but
 
 upon proof
 
 that the negotiable security had been lost 5 otherwise, the presumption that the
 
 obligation
 
 had been negotiated, and that it had been lost by accident, was equal, and the Complainant could not call on the Court tó affirm by their decree, that it had not been negotiated, but had been lost
 

 To this, it was answered, that the obligation had been lost, when the bill was filed, but had been subsequently discovered, and was now in possession of Complainant’s Counsel below, and a motion was made for a decree, to go into effect upon the production of the obligation to the Clerk of this Court.
 

 After the offer to produce the obligation, the motion to dismiss failed, but the Court refused to make any decree until the obligation should be produced, in this Court. On another day,
 
 Gaston
 
 produced the obligation, and the Court decreed for Complainant.